UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No 16-20752-CR-LENARD

**UNITED STATES OF AMERICA**
        **Plaintiff**
**VS.**

**NORMAN GARCIA**
        **Defendant**
_____/

## SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

      The defendant, Norman Garcia, by and through undersigned CJA counsel would move this Honorable Court to consider its authority under 18 USC Section 3553(a) and grant a variance from the advisory guideline sentence in this case and as grounds would state:

      1. The defendant is a 63 year old black male of Columbian birth with no formal education whatsoever. As the PSI reflects the defendant never attended school and is illiterate in his native Spanish, the only language he can speak. He has worked all of his life as a fisherman, that is whenever he can find work with the fishing boats in his town. As of the last few years the defendant states that the fishing has been very poor in the areas in which he is accustomed to fish.

      In the present case the defendant's role was basically one of unloader-gofer. He was to assist the others in whatever manual labor he was asked to perform. He has no mechanical knowledge, much less any ability to navigate or steer a sea faring vessel. He has no prior criminal history.

      2. The defendant's guideline imprisonment range starts at a low end of 168 months. Because the defendant was charged under 46 U.S.C. section 70506(b) he is not eligible for the full "Safety Valve" provisions. A sentence of 168 months or 14 years

would be tantamount to a life sentence for the defendant Given his age and health issues, he would be unlikely to live well into his late seventies which would be his age at his release.

Although the prosecution would not agree that the defendant deserves a minor role they do agree that the defendant is certainly at the lowest end of culpability amongst the codefendants. (The captain of the vessel received a sentence of 160 months). Another codefendant was a mechanic and a third was a load guard another had a prior conviction for drugs. Of all the defendants only Norman Garcia had no specific role to play other than to do whatever the least important tasks were.

3. The PSI in Part E, "FACTORS THAT MAY WARRANT DEPARTURE AND/OR VARIANCE" states in paragraph 95 on page 18:

*"In some cases involving similarly situated defendants charged with Title 46 drug offences, the District Court has granted a downward variance and has sentenced these defendants to a mandatory minimum term of Imprisonment"*

The present defendant is one that is ideally suited for this type of variance given his age, and his general background, his lack of a criminal past and his limited ability to play anything more than a manual laborer's role in the conspiracy.

The defendant would request a downward variance to a sentence of 120 months based on all of the above factors that the PSI confirms. This sentence would allow all the requirements of 3553(a) to be met and when compared to the codefendant's sentence, provide a sentence which would be sufficient but not greater than necessary. The defendant accepted his culpability and admitted his mistake with remorse. Although not an excuse, the defendant was trying to get some money so that his youngest daughter could go to school and get an education. The defendant's past and present do not indicate that he would ever be involved in the criminal activity undertaken in the present case. As a Columbian national he would be deported back to his native country once he finished serving his sentence with no chance to return into the USA. A sentence of ten years would also probably allow him to see his family before he died.

WHEREFORE the defendant, Norman Garcia would request this Honorable Court grant the present request for a downward variance from the advisory guidelines and

sentence the defendant to the minimum mandatory of 120 months (10 years).

Respectfully Submitted,

*Mauricio L. Aldazabal*

Fl. Bar # 348368
CJA Counsel for Norman Garcia
2655 LeJeune Road, Suite 700
Coral Gables, Fl. 33134
Ph. 305-569-9566
Fax. 305 461 -5102
mlafedesq@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Mauricio L. Aldazabal*